IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-221-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| WARREN LEE SMALL, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 9 October 2014 for: conspiracy to distribute and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin beginning in or about January 2011 and continuing up to and including 9 October 2014 in

violation of 21 U.S.C. § 846; distribution of a quantity of a mixture or substance containing a detectable amount of heroin on or about 4 January 2013 (ct. 4), on or about 8 January 2013 (ct. 5), and on or about 4 April 2013 (ct. 12) in violation of 21 U.S.C. § 841(a)(1); and distribution of a quantity of a mixture or substance containing a detectable amount of heroin and aiding and abetting the same on or about 17 January 2013 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 9).

The evidence presented at the hearing showed that defendant engaged in four controlled, recorded sales of heroin to confidential informants on the dates alleged in the distribution counts. Defendant did so as a member of a heroin-distribution gang in Henderson, North Carolina. The amount of heroin involved in the 4 sales was under 100 grams (each gram yielding about 28 dosages), but statements from others who had dealings with the conspiracy show that defendant had distributed hundreds, if not thousands, of grams of heroin.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including his making the alleged controlled sales while on state pretrial release, the substantial term of imprisonment defendant faces if convicted, and the historical amount of heroin allegedly distributed by defendant; defendant's criminal record, including four felony convictions, ten misdemeanor convictions, and commission of about ten offenses while on

state pretrial release or probation; defendant's marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the presence of minor children in the proposed custodial home (the proposed third-party custodian, who is the mother of the children, considers defendant a good influence on them), the location of the proposed custodial home in the same area where defendant engaged in the alleged drug trafficking, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 17th day of October 2014.

_____
James E. Gates
United States Magistrate Judge